IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVON ST. CLAIR JOHNSON, | ) | CASE NO. 1:06CR326-001 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | <u>ORDER</u> |

Petitioner filed a "Motion For Return of Personal Property Pursuant to F.R.C.P. Rule 41(g)" on October 16, 2007 (ECF Doc. No. 21).  Petitioner, proceeding *pro se*, seeks an order from the Court instructing the United States Government to return "petitioner's personal property, as the continued retention of the property would continue to violate petitioner's substantial rights," (Petitioner's Motion, paragraph 1).

The Petitioner requests the return of: (1) Three Jamaican Bank Cards; (2) About $700.00 in U.S. Currency; (3) One Jamaican Identification Card (Jamaican Drivers License); and (4) Two Cell Phones.

The Petitioner was arrested during a drug arrest when he was found in a car containing thousands of dollars in drug proceeds. The Petitioner was not charged on

any drug offense; however, he was indicted for illegal reentry following deportation on June 27, 2006.

Following his plea of guilty of August 10, 2006, the Petitioner was sentenced by the undersigned to 46 months incarceration and two years of supervised release on November 3, 2006.

The Petitioner has motioned the Court for return of his personal property including cash. The United States Attorney's Office reports to the Court the following:

• Two hundred dollars in cash and two shoelaces were turned over to Petitioner's counsel by the case agent on the illegal reentry case. The case agent is unaware of any other personal property still in the custody of ICE; and,

• Original arrests were made by members of the Money Laundering Investigative Initiative Task Force, where $97.00 is attributed to the occupants of the motor vehicle, (the rest of the money is proceeds from drug trafficking transactions not belonging to this Petitioner individually), along with several documents, including two Jamaican bank cards, miscellaneous Jamaican business cards, two driver's licenses, and four cellular telephones.

The United States can return any identified property of the Petitioner to the Petitioner's representative if the Petitioner designates one.  The Petitioner would have to identify the telephone numbers assigned to the two claimed telephones so that the agents can assure that they are providing the correct cellular telephones back to the Petitioner's representative.

The Court grants in part Petitioner's motion.

The Court orders the Petitioner to: (1) provide the identity of his representative and have that representative contact government counsel (*Phillip J. Tripi, Assistant United States Attorney, United States Attorney's Office, 801 West Superior Avenue, Suite 400, Cleveland, OH 44113-1852, (216) 622-3769)*, who will arrange for Petitioners' representative to contact the appropriate agent; and  (2) file a response indicating the telephone numbers assigned to the cellular telephones so that those telephones may be properly identified for return to Petitioner.

IT IS SO ORDERED.

 s/Christopher A. Boyko
 Christopher A. Boyko
 United States District Judge

November 20, 2007